## A. FERNANDEZ *vs.* PEOPLE'S ICE AND REFRIGERATING COMPANY.

### Exceptions to Rulings of Judd, C. J.

### January Term, 1886.

### Judd, C. J.; McCully and Preston, JJ.

In an action for damages for a nuisance caused by smoke and soot from the furnace of an ice manufactory, it is no defense that ice is a necessity, and that the price has been reduced by the operation of defendants' factory.

Defendant is liable for any tangible injury caused by smoke and soot to the property or comfort of plaintiff and his family ; if the result is in fact a nuisance, it is no defense that the business is lawful and carried on in a reasonable manner.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

This case is an action for damages for maintaining a nuisance, to wit: a steam engine running an ice manufactory, from which smoke and soot come on to plaintiff's premises occupied by him as a residence, and on which he has also cottages to let.

The action was tried at the last October term of this Court, before a jury, and resulted in a verdict for plaintiff of $250 damages.

On the trial a witness for defendant was asked the question: "What has been the effect, as to the price and consumption of ice, of the erection of these (defendants') works?" The question being objected to, the objection was sustained, to which defendant excepted. The defendant then offered to prove "That ice had become a necessity in Honolulu, and that by the carrying on of the defendants' works the price had been less, which was a public benefit." This evidence was refused admission, to which defendant excepted.

Wood's Law of Nuisances collects all the authorities needed for the determination of the points involved in the above proposed questions, and of the other matters which will be referred to below. This author broadly states the law to be that the usefulness of the trade, its actual necessity even, will not operate as a defense, and cites from the ancient case of *Poynton vs. Gill,* wherein action was brought for damages resulting from the smoke and vapors of a lead-melting establishment, these words: "Though this was a lawful trade, and for the benefit of the nation and necessary, yet this shall not excuse the action, for he ought to use his trade in waste places and great commons, remote from enclosures, so that no damage may happen to the proprietors of land next adjoining." This doctrine has been held with great uniformity to the present time. See such cases as *Hutchins vs. Smith,* 63 Barb. 252, dust from limekiln settling on furniture and milk. *Ross vs. Butler,* 19 N. J. Eq., 294, cinders from pottery works settling upon buildings and premises. *Wesson vs. Washburne Iron Co.,* 13 Allen 95, cinders from iron works entering an inn and settling upon furniture. *Cartwright vs. Gray,* 12 Grant's Ch. Cas. 400, cinders from steam planing mill settling upon linen hung out to dry, etc.

It can be no defense in this case that ice may be a necessity, or that the price of it may have been reduced by the operation of defendants' factory. This comes much within the rule, and cases cited above. The proposed questions were properly disallowed, and the exceptions thereto are not good.

The plaintiff requested the following instructions, which the Court gave, and to which the defendant excepted :

" 1. That plaintiff is entitled to pure air ; that defendant is liable for any tangible injury it causes to the property of plaintiff, such as the discoloration of buildings, furniture, clothing, etc., by soot, and the prevention of the drying of clothes in the plaintiff's yard.

" 2. That defendant is liable for any unreasonable interference with the comfortable enjoyment by plaintiff and his family of his premises.

" 3. That if the jury believe that by raising the height of defendants' chimney the smoke would be carried clear of plaintiff's house, defendant would be liable for injury resulting from failure to build its chimney higher.

" 4. That, in determining defendants' liability, the jury may take into account the part of the town in which defendant has erected its works, and the previous absence of manufactories from that neighborhood.

" 5. The fact that defendant is engaged in a lawful business, carried on in a reasonable manner, and for the public benefit, is no defense, if in fact defendant produces such ill results as amount to a nuisance to plaintiff."

And the defendant requested the following instructions :

" 1. Where a person is subjected to inconvenience, through the carrying on of a useful industry, when such an industry is not itself a nuisance, but is a proper pursuit, carried on in a convenient place, the person inconvenienced should not stand upon extreme rights, and bring action in respect of every matter of annoyance.

" 2. The law does not regard trifling inconveniences ; everything connected with the grievance for which this action is brought must be looked at from a reasonable point of view, and in determining the question whether a nuisance is maintained by

defendant, time, locality, and all other circumstances, should be taken in consideration."

"3. If it is proved to the satisfaction of the jury that the defendant is constantly working to the end of diminishing and removing the inconvenience caused to the neighbors, such fact is one of the circumstances which may be taken in consideration by the jury, as indicated in the instruction.

"4. The jury must be able to find from the evidence that the property of plaintiff has been actually diminished in value before they can render a verdict for the plaintiff on that ground."

The court gave the second instruction and refused the third and fourth, to which the defendant excepted. The Court refused the first instruction, as asked for, but gave it with this modification : "If the injury does not sensibly diminish the value of the property and the comfort and enjoyment of it." The defendant excepted to the refusal and to the charge as modified.

The papers in the case and the notes of evidence taken by the trial justice may be referred to.

In our view the law governing these instructions has already been indicated in the citations made above. Only one decided case is found to support the defendant's contention ; Huckenstine's appeal, 70 Penn. St. 102, found in ~0 Am. Rep., 669, where it was held that "Brick-burning, being a useful and necessary employment, will not be restrained by injunction, although carried on in the outskirts of a city, because it occasions some discomfort or even injury to those residing in the vicinity."

In this case the Court dismissed the bill without prejudice to any right to recover in an action at law. But the editor of these decisions brings forward many cases which controvert the doctrine of the above. In *Campbell vs. Seaman*, 2 N. Y. Sup. 231, the Supreme Court of New York say it is in direct conflict with the laws of this State, and cannot be adopted here as law, and plaintiff obtained an injunction to restrain the defendant from using mineral coal in his process of burning brick. In *Walter vs. Selfe*, 4 De Gex & Smale, a case often referred to by other authorities, the Vice Chancellor granted an injunction against the defendant's burning a brick-kiln on a site near plaintiff's grounds and residence, from which the prevailing winds brought over the

smoke and gases, thus expressing the vital question of the case: "Ought this inconvenience to be considered in fact as more than fanciful, as more than one of mere delicacy or fastidiousness, interfering materially with the ordinary comfort, physically, of human existence, not according to elegant and dainty modes of living, but according to plain and sober and simple notions among English people. And I am of opinion that this point is against defendant."

The evidence in the case before us is to the effect that smoke and soot, in the prevailing wind, came over in considerable quantities from the defendant's chimney—especially at the begining of firing up—to the extent of preventing the doing of domestic washing on the premises, as had been done previous to the operation of defendant's factory, the clothes getting covered with soot on the lines; of compelling the plaintiff to keep the windows of his chamber closed at night, whereby they suffered from heat and non-ventilation, of covering the dining-table with soot, of sooting and smudging the children at play in the yard. Furthermore, that the plaintiff having set off a portion of his premises, and built houses to let thereon, had lost a tenant by the nuisance of the smoke to him, and was prevented from letting such houses.

We think that upon the authorities cited the instructions given were demanded by the evidence, and that the jury was properly instructed to find on those principles.

The exceptions are overruled.

*F. M. Hatch*, for plaintiff.

*Paul Neumann* and *W. A. Whiting*, for defendant.

Honolulu, February 4, 1886.